UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LAM NGUYEN AND XUAN NGUYEN, § § § § § § § § § § § § § | |
| Plaintiffs, | |
| v. | CIVIL ACTION N. G-12-125 |
| JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, AS THE MORTGAGE SERVICER FOR WELLS FARGO, N.A., MORTGAGEE, | |
| Defendants | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT OF SAME**

Defendant JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC ("Defendant" or "JPMC") files Motion to Dismiss Plaintiffs' Complaint and Brief in Support, and would respectfully show the Court as follows.

**I.
SUMMARY**

Plaintiffs Lam Nguyen and Xuan Nguyen ("Plaintiffs") purchased the property located at 11224 Garfield Way, Galveston, Texas 77554 ("Property"). In September 2005, Plaintiff executed a deed of trust securing a loan on the Property with an original principal balance of $280,000 (the "Deed of Trust"). Ex. A.[1] In March 2012, Plaintiffs filed suit to prevent the

---

[1] A true and correct copy of the Deed of Trust is attached as Exhibit A. The Deed of Trust is referred to in the Complaint and is central to Plaintiffs' claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.Tex.2000) (Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim). The Deed of Trust is also a public record. In considering a Rule 12(b)(6) motion, the Court can consider documents attached to or incorporated into the Complaint, as well as public records. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial

foreclosure sale of the Property. *See* Plaintiffs' Original Petition, Application for Temporary Restraining Order & Request for Disclosure (the "Complaint); Docket No. 1-3.

Plaintiffs allege the Property was "destroyed" by Hurricane Ike. Docket No. 1-3. Plaintiffs further allege they received a total of $89,684.35 in insurance proceeds. *Id*. Plaintiffs contend Defendant has disbursed only $20,000 of the insurance proceeds and is allegedly unreasonably withholding the balance. *Id*. Finally, Plaintiffs allege Defendant initiated foreclosure. *Id*.

The Complaint asserts the following causes of action: (1) wrongful foreclosure; (2) fraud; and (3) negligent misrepresentation. Docket No. 1-3. Plaintiffs' wrongful foreclosure claim fails because Texas law does not recognize an claim for attempted wrongful foreclosure and there has been no foreclosure sale. The claim also fails because the purported wrongful conduct, the retention of insurance proceeds pending the property inspection, is specifically permitted by the Deed of Trust. Plaintiffs' fraud and negligent misrepresentation claims fail because they do not satisfy the heightened pleading requirement under Rule 9(b). Plaintiffs do not allege any material misrepresentations they detrimentally relied upon. Those claims are also barred by the economic-loss doctrine as they would not exist but for the Deed of Trust.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Rule 12(b)(6) Standard of Review.**

Dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is required if the Plaintiffs' grounds for entitlement to relief, when assumed to be true, fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss under

---

notice); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011) (matters of public record and items appearing in the record of the case may also be considered).

Rule 12(b)(6), the Court must take the well-pleaded allegations of the complaint as true. *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "At the same time, a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Id.* Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Id.* Dismissal is proper under Rule 12(b)(6) if there is either (a) the lack of a cognizable legal theory or (b) the absence of sufficient facts alleged under a cognizable legal theory. *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex 1996); *Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 601 (N.D. Cal. 1991).

**B.     Plaintiffs Have Not Stated A Plausible Claim for Relief.**

**1.     Texas law does not recognize a cause of action for attempted wrongful foreclosure.**

Plaintiffs allege the foreclosure sale was "set for April 3, 2012." Docket No. 1-3. Plaintiffs, however, obtained injunctive relief in the state court proceeding prevent the April 3 foreclosure sale. *Id*. The Property has not been sold at a foreclosure sale and attempted wrongful foreclosure is not a valid claim under Texas law.

Texas courts have consistently held that there is no cause of action for attempted wrongful foreclosure. *Port City State Bank v. Leyco Constr. Co.,* 561 S.W.2d 546, 547 (Tex. Civ. App.--Beaumont 1977, no writ) ("But, plaintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action."). "Texas does not recognize a claim for attempted wrongful foreclosure." *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011). "Applying Texas law, district courts in the Fifth Circuit have consistently held that attempted wrongful foreclosure claims like the one asserted in this case are not cognizable." *Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2012

WL 1494231 (S.D. Tex. Apr. 27, 2012) (collecting cases).[2] Courts reaching this conclusion have determined that in the absence of an actual foreclosure sale, and actions which have deprived the mortgagee of possession of the property, the mortgagee has suffered no harm, and as a result, cannot assert a claim that is recognized under the law. *Anderson v. Baxter, Schwartz & Shapiro, LLP*, 14-11-00021-CV, 2012 WL 50622 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.); *Baker v. Countrywide Home Loans, Inc.*, No. Civ. A 308-CV-0916-B, 2009 WL 1810336 (N.D. Tex. June 24, 2009).

For example, in *Baker*, the borrowers filed suit seeking to enjoin a foreclosure sale because they contended they were not in default on their loan and instead, the lender had wrongfully refused to accept monthly payments. 2009 WL 1810336 at *1. The borrowers obtained a temporary restraining order preventing the scheduled foreclosure sale. *Id.* at *2. The lender removed to federal court and did not proceed with foreclosure. *Id.* Instead, the lender filed a motion for summary judgment contending, among other things, that a wrongful foreclosure theory could not support recovery by the borrowers because no foreclosure sale had occurred. *Id.* The district court agreed and granted summary judgment to the lender. The district court noted that even though there may have been a fact issue about whether the borrower was in default, that fact issue was irrelevant because the borrowers had not sustained any injury because the foreclosure sale had not proceeded. *Id.* at *4. In a wrongful foreclosure action, "the measure of damages is the difference between the value of the property in question at the date of

---

[2] *See also Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) ("Texas courts have yet to recognize a claim for "attempted wrongful foreclosure.") *Ramming v. JPMorgan Chase Bank, N.A.,* No. H–10–5011, 2012 WL 1122791, at *3 n. 3 (S.D. Tex. Apr.3, 2012); *Thomas v. EMC Mortg. Corp.,* No. 4:10–CV–861–A, 2011 WL 5880988, at *6 (N.D. Tex. Nov.23, 2011); *Mortberg v. Litton Loan Servicing, L.P.,* 2011 WL 4431946, at *6 (E.D. Tex. Aug.30, 2011).

the foreclosure and the remaining balance due on the indebtedness." *Id.* (quoting *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex.1986)).  The district court noted that this measure of damages is designed to compensate the borrower for the loss of the possession of the property.  "Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure." *Id.*

Here, there was no foreclosure sale.  Plaintiffs do not allege they lost possession of the Property or suffered any damages as a result of the non-existent foreclosure sale.  Consequently, Plaintiffs' claim is for attempted wrongful foreclosure, which is not a valid claim under Texas law and the claim should be dismissed.

> **2.  Even if attempted wrongful foreclosure were a recognized cause of action, the supposed wrongful conduct Plaintiffs rely upon to support their claim is allowed under the Deed of Trust.**

Even assuming Texas law recognizes a cause of action for attempted wrongful foreclosure, Plaintiff's allegations fail to state a plausible claim for wrongful foreclosure. Plaintiffs' sole allegation that the non-existent foreclosure sale was wrongful is that Defendant is allegedly refusing to release insurance proceeds and is requiring proof that 90% of the repair is completed before additional funds are disbursed.  Docket No. 1-3.  The Deed of Trust provides, in relevant part:

> Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security interest is not lessened.  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to the Lender's satisfaction, provided that such inspection shall be completed promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of payments as the work is completed.

> \*\*\*
> If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

Ex. A, pp. 6 and 7. The alleged wrongful conduct, the retention of insurance proceeds pending the property inspection, is specifically permitted by the Deed of Trust. Defendant's alleged refusal to disburse the insurance proceeds as permitted by the Deed of Trust is not actionable.

### 3. Plaintiffs failed to state a claim for fraud.

To state a claim for fraud, Plaintiffs must allege: (1) Defendants made a material representation to Plaintiffs; (2) the representation was false; (3) Defendants knew the representation was false or made the misrepresentation recklessly, without knowledge of the truth; (4) Defendants intended for Plaintiffs to act on the misrepresentation; and (5) Plaintiffs justifiably relied on the misrepresentation to their detriment. *See In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a claim for fraud must satisfy a heightened pleading standard. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see also* Fed. R. Civ. P. 9. Plaintiffs must specify the time, place, and content of the misrepresentation, as well as the identity of the speaker and what benefit the speaker gained from the misrepresentation. *Id.* at 177-78. Plaintiffs must also point to specific statements that are fraudulent. *Id.* at 179. If the fraud allegations fall short of this standard, the claims are subject to dismissal. *Whiddon v. Chase Home Fin. LLC*, 666 F.Supp.2d 681, 691 (E.D.Tex. 2009) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003)) (citations omitted). "Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more specific information and amend his pleadings

to satisfy the particularity requirement." *Id* (citing *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 791 F.3d 336, 349 (5th Cir. 2002).

Plaintiffs do not allege that Defendants knowingly and intentionally made a material misrepresentation to Plaintiffs that Plaintiffs justifiably relied on to their detriment.  Defendant has the right under the Deed of Trust to retain the insurance proceeds and disburse or apply the funds in accordance with the Deed of Trust.  Ex. A, pp. 6 and 7.  Moreover, Plaintiffs fail to allege any reliance on the alleged fraudulent endorsement of the Note or any damages resulting from any alleged misrepresentation.  Plaintiffs have wholly failed to satisfy the requirements of Rule 9(b) and their fraud claim should be dismissed.

### 4. Plaintiffs failed to state a claim for fraudulent-concealment.

In support of their fraud claim, Plaintiffs allege "Defendant failed to disclosure material facts within its knowledge."  Docket No. 1-3.  Defendant's alleged failure to disclose cannot serve as a basis for its fraud claim unless Defendant has a duty to disclose this information. *Coburn Supply Co., Inc. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003); *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001).

A duty to disclose arises only when: (1) the parties have a confidential or fiduciary relationship; (2) one party voluntarily makes a representation, which gives rise to the duty to disclose the whole truth; (3) one party makes a representation, which gives rise to the duty to disclose new information the party is aware of that makes the earlier representation misleading or untrue; or (4) one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak.  *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 630 (S.D. Tex. 2010).  A confidential or fiduciary relationship does not arise between borrower and lender as a matter of law.  *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008).

Plaintiffs have not alleged the circumstances under which Defendant would have a duty to disclose the information that was allegedly concealed.  Moreover, Defendant may retain the insurance proceeds and disburse or apply the funds in accordance with the Deed of Trust—a document executed by the Plaintiffs.  Ex. A, pp. 6 and 7.  As such, alleged nondisclosure cannot serve as a basis for Plaintiffs' fraud claim.

### 5. Plaintiffs failed to state a claim for negligent misrepresentation.

Plaintiffs' negligent misrepresentation claim also fails to satisfy the heightened pleading standard under Rule 9(b).  Where, as is the case here, the same alleged facts support the fraud and negligent-misrepresentation claims, and the plaintiff does not distinguish between those supporting either claim, the Rule 9(b) specificity requirement applies to both claims.  *Marquez v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-CV-02040-L, 2011 WL 3714623, at *7 (N.D.Tex. Aug. 23, 2011) (finding that the Rule 9(b) standard applied to the borrower's fraud and negligent-misrepresentation claims alike because the borrower's petition "incorporates all factual allegations set forth in the petition into the fraud claim as well as the negligent misrepresentation claim and makes no distinction between the factual allegations forming the basis for either claim.").

Plaintiffs' negligent misrepresentation claim is not pled with the specificity required under Rule 9(b).  In order to establish a negligent-misrepresentation claim, Plaintiffs must show that Defendant, in the course of its business or in a transaction in which it had an interest, negligently supplied Plaintiffs with false information for their guidance, causing Plaintiffs' detrimental and justifiable reliance.  *See Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

The threshold element of a negligent misrepresentation claim is a material misrepresentation. Plaintiffs do not identify a single material misrepresentation, explain how any

alleged statements were misrepresentations, or allege any facts showing their reliance on any purported misrepresentation. And the fact that Defendant is left to guess how Plaintiffs could have possibly detrimentally relied further demonstrates that Plaintiffs' negligent misrepresentation allegations do not satisfy the notice-pleading standard as modified by Rule 9(b). Plaintiffs' negligent misrepresentation claim should be dismissed.

### 6. Plaintiffs' fraud and negligent misrepresentation claims are barred by the economic-loss doctrine.

The economic-loss doctrine prevents plaintiffs from recovering contract damages arising from violations of tortious duties. *See In re Soporex, Inc.*, 446 B.R. 750, 787-88 (N.D. Tex. 2011); *Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A"*, 192 S.W.3d 120, 126-28 (Tex. App.—Houston [14th Dist.] 2006, no pet. h.). The rule holds that parties to a contract may breach duties based in tort or contract or both. *Obuekwe v. Bank of Am., N.A.*, No. 4:11-CV-762-Y, 2012 WL 1388017, at *8 (N.D.Tex Apr. 19, 2012) (negligent misrepresentation) (citations omitted); *Meyers v. Bank of Am., N.A.*, No. 4:11-CV-457, at *3 (E.D.Tex. Mar. 31, 2012) (fraud and negligent misrepresentation) (citations omitted). Tort duties, however, are imposed at law and are independent from any agreement between the parties to the contract. *Id.* Accordingly, if a plaintiff's claims would not exist absent a contractual relationship with the defendant, plaintiff's tort claims are based solely in contract and are barred by the economic-loss doctrine. *See id.*

Here, Plaintiffs' fraud and negligent misrepresentation arise entirely from the insurance provisions of the Deed of Trust. *See* [Doc. No. 1-4, pp. 2-7, ¶¶8-36]. Absent the Deed of Trust, Plaintiffs' fraud and negligent misrepresentation claims would not exist. These claims are barred by the economic-loss doctrine.

### 7. Plaintiffs are not entitled to injunctive relief.

Plaintiffs are also not entitled to injunctive relief. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *See Hill v. Wells Fargo Bank, N.A.*, No. V–12–11, 2012 WL 2065377, at *10 (S.D. Tex. June 6, 2012) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)); *see also Puig v. Citibank, N.A.*, No. 3:11–CV–0270–L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law"). Here, Plaintiffs have not stated a claim for which they are entitled to relief against Defendant. Because Plaintiffs cannot prevail on any claim against Defendant, Plaintiffs' request for injunctive relief should be dismissed.

## III.
## CONCLUSION

Plaintiffs' wrongful foreclosure claim fails because Texas law does not recognize an claim for attempted wrongful foreclosure. There has been no foreclosure sale. Moreover, the purported wrongful conduct, the retention of insurance proceeds pending the property inspection, is permitted by the Deed of Trust. The fraud and negligent misrepresentation claims fail because they do not satisfy the heightened pleading requirement under Rule 9(b). Plaintiffs also do not allege any material misrepresentations they detrimentally relied upon. The fraud and negligent misrepresentation claims are also barred by the economic-loss doctrine. Plaintiffs' claims should be dismissed.

WHEREFORE, Defendant prays that the Court grant its Motion to Dismiss Plaintiffs' Complaint because it does not state a single cause of action upon which relief may be granted.

Respectfully submitted,

  /s/ Gregory M. Sudbury
Wm. Lance Lewis
State Bar No. 12314560
Gregory M. Sudbury
State Bar No. 24061296
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1827 (Direct)
(214) 871-2111 (Fax)
llewis@qslwm.com
gsudbury@qslwm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on Plaintiffs' counsel electronically in accordance with the Federal Rules of Civil on October 5, 2012.

  /s/ Gregory M. Sudbury
Gregory M. Sudbury

4848-8102-8369, v.  1