IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LAM NGUYEN, et al. | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:12-cv-00125 |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| f/k/a CHASE HOME FINANCE LLC | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW** Lam Nguyen and Xuan Nguyen, Plaintiffs in the above-entitled and numbered cause, and file their First Amended Complaint pursuant to Rule 15(a)(1)(B).

### I. PARTIES

1.      Plaintiffs are Lam Nguyen and Xuan Nguyen; Defendant is JPMorgan Chase Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. f/k/a Norwest Bank Minnesota, N.A., Solely as Trustee for Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1.

### II. JURISDICTION

2.      On March 20, 2012, Plaintiffs filed their complaint in the 56th Judicial District Court of Galveston County, Texas and Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a).

### III. BACKGROUND

3.      This is a suit for breach of contract, fraud and negligent misrepresentation and pursuant to an application for temporary restraining order and temporary injunction to prevent a foreclosure sale posted under an unlawful declaration of default and acceleration of maturity of a promissory note. Plaintiffs are the owner of a residential property located at 11224 Garfield

1

Way, Galveston, Texas 77554.  They purchased the property as their retirement home in September 2005.

4.      In the early hours of September 13, 2008, Hurricane Ike made landfall near Galveston as a strong Category 2 hurricane that severely damaged Plaintiffs' property.  Pursuant to a mandatory evacuation, Plaintiffs left their property in Galveston to seek temporary housing. Plaintiffs' property was so badly damaged by Hurricane Ike that it was uninhabitable and Plaintiffs had to obtain temporary living arrangements until their property could be repaired.

5.      Plaintiffs' initially received a total of $99,522.33 from four insurance claims checks to repair the property.  *See* Exhibit A.

6.      As required, the insurance claims checks were made payable to both Plaintiffs and Defendant as payees.  On multiple occasions, Plaintiffs called Defendant to discuss the checks and disbursement of the money for repairs.  Defendant promised Plaintiffs that Defendant would endorse the checks and disburse all the settlement funds so Plaintiffs could repair the property.

7.      On September 5, 2011, Plaintiffs sent Defendant a letter memorializing their agreement.  *See* Exhibit B.  Additionally, Plaintiffs sent Defendant all the insurance claims checks totaling $99,523.33.

8.      Relying on Defendant's promise to disburse the funds for repair of the property, Plaintiffs hired a contractor to repair the property an estimated cost of $88,762.76 on September 26, 2011.  *See* Exhibit C.

9.      While Defendant has received a total of $99,522.33 from Plaintiffs' initial insurance settlements, Defendant has only disbursed a mere $29,837.98 for the repairs. Defendant disbursed $9,837.98 on November 18, 2009.  *See* Exhibit D.  Further, Defendant disbursed $20,000.00 on December 12, 2011.  *See* Exhibit E.  Defendant has since refused and

continues to refuse to release additional funds for the repair of Plaintiffs' property although Plaintiffs have complied with Defendant's requirements for disbursement.

10.     Due to Defendant's failure and continued refusal to disburse the remaining funds for repairs, the contractor has stopped working on Plaintiffs' property.  Since that time, Plaintiffs' property remains unrepaired and Plaintiffs are living in temporary housing.

11.     On December 13, 2011, Defendant sent Plaintiff a letter stating it required an unreasonable requirement of showing ninety (90) percent repair of Plaintiffs' property before disbursing additional funds. *See* Exhibit F.  Plaintiffs cannot have ninety (90) percent of the house repaired when the repair estimate is $88,762.76 and Defendant has only disbursed $29,837.98.  Plaintiffs have no money to repair the property unless Defendant disburses the remaining funds.

12.     Shockingly, Defendant sought to foreclose on Plaintiffs' property after receiving the insurance settlement funds.

13.     This suit was initially filed in state court to enjoin the foreclosure.  On April 10, 2012, Judge Lonnie Cox signed a temporary injunction to enjoin Defendant from foreclosing on the property.  Subsequently, Defendant removed the case to this Court.

## IV. CAUSES OF ACTION

### A.   Breach of Contract

14.     Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

15.     Defendant had a duty to disburse all the insurance settlement so Plaintiffs could repair their property.

3

16.     Defendant's failure and refusal as described above, to disburse the funds as it is obligated to by its promise, constitutes a breach of Defendant's promise. As a result of this breach, Plaintiffs have suffered the damages that are described in this Complaint.

**B.     Fraud**

17.     Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

18.     Defendant made material misrepresentations to Plaintiffs with knowledge of the falsity or made them recklessly without any knowledge of the truth and as positive assertion. On multiple occasions, Defendant promised Plaintiffs that it would disburse all the funds for repair of Plaintiff's property once Defendant received the insurance settlement checks. Plaintiffs sent Defendant a letter dated September 5, 2011 memorializing their agreement. *See* Exhibit E.

19.     Further, Defendant failed to disclose material facts within its knowledge. Defendant knew that Plaintiffs did not know the facts and did not have an equal opportunity to discover the truth. In particular, Defendant had no intention of disbursing all the settlement funds. Defendant induced Plaintiffs to send Defendant the insurance claims checks and incurring expenses of hiring a contractor to perform the repairs by failing to disclose the fact that Defendant intended to keep the funds and foreclose on Plaintiffs' property. Plaintiffs justifiably relied on the misrepresentations to their detriment.

20.     As a proximate and producing and producing cause of the fraud by Defendant, Plaintiffs have suffered the damages that are described in this Complaint.

**C.     Negligent Misrepresentation**

21.     Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

4

22.     Defendant made negligent misrepresentations to Plaintiffs about disbursement of the insurance settlement. Defendant's representations were in the course of its business or in the transaction in which it had a pecuniary interest. On multiple occasions, Defendant promised Plaintiffs that it would disburse all the funds for repair of Plaintiff's property once Defendant received the insurance settlement checks. Plaintiffs sent Defendant a letter dated September 5, 2011 memorializing their agreement. *See* Exhibit E.

23.     Defendant did not exercise reasonable care and competence in obtaining or communicating the information in making the representations in question.

24.     As a proximate and producing and producing cause of the fraud by Defendant, Plaintiffs have suffered the damages that are described in this Complaint.

## V. STATE COURT ACTION

25.     Based on the facts of the case, the 56th Judicial District Court of Galveston County, Texas issued a temporary restraining order on March 30, 2012 to enjoin Defendant from foreclosing on Plaintiffs' property. After conducting a hearing on the matter, the 56th District Court issued a temporary injunction on April 10, 2012. Thereafter, Defendant removed the matter to Federal Court.

## V. PRAYER

26.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them, both as to actual damages and consequential damages, and Defendant disburses the remaining insurance settlement funds for the repair of their property. In addition, Plaintiffs request the award of attorneys' fees, for all costs of course, prejudgment and post-judgment interest as allowed by law, and for any such

other and further relief, at law or in equity to which they may show themselves to be justly entitled.

Respectfully submitted,

By:_____
David C. Vuong
Texas Bar No. 24053538
Federal Bar No. 633207
11205 Bellaire Blvd., Ste B-25
Houston, Texas 77072
Tel. (832) 328-4778 / Fax. (832) 351-3821
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure on this 19th day of October 2012.

_____
David C. Vuong

Damian William Abreo                          *via fax: 713.693.2025*
1900 Saint James Place, Suite 500
Houston, Texas 77056

Wm. Lance Lewis                              *via fax: 214.871.2111*
Gregory M. Sudbury
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

# Exhibit "A"

## Attachment #1: First Two Claim Checks

CLAIM #  C0085719
POLICY #  35968104



**TEXAS WINDSTORM**
**INSURANCE ASSOCIATION**
P.O. Box 99090 • Austin, Texas 78709-9090

32-2
1110

July 13, 2009   598673

VOID AFTER 180 DAYS

PAY   $**FOUR THOUSAND SEVEN HUNDRED FORTY-SEVEN AND 73/100 DOLLARS   $   4,747.73

TO THE ORDER OF   Lam Nguyen and EMC Mortgage Corporation and The Public Adjuster, Inc.

Bank of America, N.A. Dallas, Texas

⑈598673⑈ ⑆111000025⑆ 001390023550⑈

---

CLAIM #: C0085719
POLICY #: 35968104



**TEXAS WINDSTORM**
**INSURANCE ASSOCIATION**
P.O. Box 99090 • Austin, Texas 78709-9090

32-2
1110

495487
February 09, 2009

VOID AFTER 180 DAYS

PAY   $**TWENTY-FOUR THOUSAND SEVEN HUNDRED SIXTY-SIX AND 21/100 DOLLARS   $   24,766.21

TO THE ORDER OF   Lam Nguyen, EMC Mortgage Corporation and The Public Adjusters, Inc.

Bank of America, N.A. Dallas, Texas

⑈495487⑈ ⑆111000025⑆ 001390023550⑈

**EXHIBIT A**
Pg. 1 of Pg. 3

## Attachment #3: Third Insurance Claim Check



CLAIM # C0085719
POLICY # 35968104

**TEXAS WINDSTORM**
**INSURANCE ASSOCIATION**
P.O. Box 99090 • Austin, Texas 78709-9090

32-2
1116

July 28, 2009  **602153**

VOID AFTER 180 DAYS

PAY    $**TEN THOUSAND EIGHT AND 39/100 DOLLARS                    $   10,008.39

TO THE ORDER OF  Lam Nguyen and EMC Mortgage Corporation and The Public Adjusters

Bank of America, N.A. Dallas, Texas

*602153*  :111000025:  0013900235 50*

---

TEXAS WINDSTORM
INSURANCE ASSOCIATION
AUSTIN, TEXAS

PLEASE DETACH AND KEEP THIS STATEMENT
RECEIPT NOT REQUIRED, RETURN BOTH PARTS IF ERROR IS FOUND

☐ EXPENSE     ☒ LOSS

602153

INSURED   Lam Nguyen

CLAIM #  C0085719
POLICY #  35968104
DATE OF LOSS:  9/13/2008
IRS #:

Lam Nguyen
3419 Aspen Lake
Manvel, TX 77578

ITEM #'S  1

COMMENTS   Supplement

$10,008.39
Chk#:      602153
rcc

**EXHIBIT  A**
Pg. 2 of Pg. 3

## Attachment #4: Fourth Insurance Claim Check

| | | |
|---|---|---|
| CLAIM #: C0085719<br>POLICY #: 35968104 | **TEXAS WINDSTORM**<br>**INSURANCE ASSOCIATION**<br>P.O. Box 99090 • Austin, Texas 78709-9090 | 32-2<br>1110    **730441**<br>August 18, 2011 |

VOID AFTER 180 DAYS

PAY    $**SIXTY THOUSAND AND 0/100 DOLLARS      $   60,000.00

TO THE ORDER OF   Lam Nguyen and EMC Mortgage Corporation

Bank of America, N.A. Dallas, Texas

⑈730441⑈ ⑆1110000025⑇ 0013900023550⑈

EXHIBIT A
Pg. 3 of Pg. 3

# Exhibit "B"

September 5, 2011

EMC Mortgage Corporation
P.O Box 6501
Spring Field, Ohio 45501-6501

Attention:   -   Loss Drafts Department   (1-800-583-7915)
             -   Customer Service Department (1-800-723-3004)

Reference:   -   Loan Number:          0014130413
             -   Borrower's name:  Xuan-Hue Nguyen
             -   Property Address: 11224 Garfield Way, Galveston, TX 77554

Dear Sir/Madam:

My wife Xuan-Hue Nguyen is the owner of the house located at 11224 Garfield Way,
Galveston, TX 77554. She is the borrower from EMC Mortgage Corporation, loan number
0014130413, but I am the one who bought insurances for the house.

That house was damaged by hurricane IKE on 09/13/2008. The Texas Windstorm Insurance
Association sent me 3 checks for my claim to be paid to the order of: Lam Nguyen and EMC
Mortgage Corporation and The Public Adjusters.

I sent the first two claim checks to you for endorsement on August, 2009 (see attachment #1):

|                     | Check # | Amount      |
|---------------------|---------|-------------|
| 1st Claim Check     | 598673  | $4,747.73   |
| 2nd Claim Check     | 495487  | $24,766.21  |
|                     | Total:  | $29,513.94  |

On November 18, 2009 you sent me check number 0000894386 (as partial release) in the amount
of $9,837.98 representing one third of the first two claim checks above mentioned (see
attachment #2). You still kept $29,513.94 -- $9,837.98 = **$19,675.96** on hold

On December 15, 2009 I sent you the third claim check number 602153 (see attachment #3) in
the amount of $10,008.39 by Certified mail 7009 2250 0004 2108 0978. In total you still kept
$19,675.96 + $10,008.39 = **$29,684.35** on hold.

Today I am in possession of a fourth claim check number 730441 in the amount of $60,000.00
(see photo of the check in attachment #4) to be paid to the order of Lam Nguyen and EMC
Mortgage Corporation.


EXHIBIT B
Pg. 1 of Pg. 2

Page 1

I need you to confirm that you still keep $29,684.35 on hold before I send you the fourth check for your endorsement.

My wife is contracting with PACIFIC CONSTRUCTION CO, 6507 Ladera Dr., Houston, TX 77083, Tel: (832) 768-8898, for home repair.

Please send your confirmation about the amount of money you kept and the required paperwork for the contractor to fill out and send back to you in order to start the home repair as soon as possible.

Thank you very much for your attention.


Lam Nguyen
3419 Aspen Lake Dr.
Manvel, Texas 77578


C/C   The Law Offices of
      David C. Vuong & Associates
      11205 Bellaire Blvd. Ste B-25, Houston, TX 77072
      Tel: 832-328-4778 – Fax:832-351-3821



**EXHIBIT** B
Pg. 2 of Pg. 2

Page 2

# Exhibit "C"

**PACIFIC CONSTRUCTION.CO**                           **N0: 569**

6507 LADERA .DR
Houston , Texas 77083
Tel: 832-768-8898
Email: paacific71@yahoo.com

## SALE CONTRACT

Date: Sep / 26/ 2011

Submitted to: Mr & Mrs LAM NGUYEN
11224 Garfield Way.
Galveston, Texas 77554.

Dear Mr & Mrs LAM NGUYEN

We are pleased to propose hereby to furnish all materials and perform all the labor
necessary to demolishing / remodeling your property as your required for the above
mentioned project.

We are submitted specifications:

**I/ DRAWING and PERMIT ( City of Galveston)**

**Architect:  Anthony Vu  AMC Design**
**2910 Calendor Lake Dr.**
**Missouri City / Tx 77459.**



EXHIBIT C
Pg. 1 of Pg. 8

## DESCRIPTION FOR INTERIOR WORK:

### 1/ ROOM # 1:   (11'x14'x8')

- Repair all 3 windows drywall damaged by water.
- Repair drywall ceiling & texture.
- Replace insulation.
- Replace metal corner bead & texture.
- Replace apprx. 50' base board.
- Replace missing closet door.
- Remove and replace new padding and carpet ( matching w/t existing)

### 2/ ROOM # 2:   (11'x14'.6"x8')

- Remove and replace apprx. 160 sq/f  ceiling drywall.
- Replace new ceiling insulation.
- Remove and replace apprx. 155 sq/f drywall for walls
- Remove and replace apprx. 55 Lf base board.
- Remove and replace new padding and carpet ( matching w/t existing)

### 3/ ROOM # 3:   (11'.6"x 13'x8')

- Replace apprx. 32 SQ/F drywall for ceiling & tape & float & texture.
- Replace all 4 corner bead for 2 window.
- Replace damaged drywall for wall apprx.65 sq/f.
- Remove and replace closet door 48"x 6'8".
- Remove and replace new base board.
- Remove and replace new padding and carpet ( matching w/t existing)

### 4/ ROOM # 4:   (11'x10'x8')

EXHIBIT C
Pg. 2 of Pg. 8

- Replace 6 metal corner bead & drywall for 2 window and sliding door.
- Remove and replace apprx. 60Lf base board.
- Remove and replace new padding and carpet ( matching w/t existing)

## 5/ KITCHEN AREA :   ( 12'5"x11'x8')

- Replace apprx. 32 sq/f drywall for ceiling & texture.
- Kitchen cabinet to remain / clean & seal entire cabinetry @ mill work.

## 6/ UTILITY ROOM :        (8'x3'x8')

- Clean and seal texture wall.
- Rem & Rpl new base board.

## 7/ LIVING ROOM:   (23'x16'4"x10')

- Drywall repair around window and main entry
- Clean and seal texture wall.
- Remove and replace entire vinyl flooring 12"x12"( same grade w/t existing)
- Install new base board.

## 8/ PAINTING:

- Block all stain & repaint entire interior house:

* Wall : Primer all new sheetrock
        2 coat interior latex semi gloss SW-400.
* Doors & Trim & Shelving & Base board:
        Hi-gloss latex SW-200.



EXHIBIT C
Pg. 3 of Pg. 8

## II/ ELECTRICAL:

- Perform all electrical work to print comply with City code.
- Rewiring & reconnecting new meter.
- Rem &Rep. new electrical panel if necessary .
- Replace all light interior & exterior fixtures to print.

## III/ PLUMBING :

\* INTERIOR:

- Checking all hot & cold water line.
- Rem & Rpl. new kitchen sink & faucet
- Replace food disposal if necessary.
- Rem &Rpl. new water heater if necessary.

\* EXTERIOR:

  SEPTIC SYSTEM:

- Remove and reinstall new septic tank w/t 2 year maintenance contract.
- Remove and replace water lines.
- Remove and replace sewer lines.



EXHIBIT C
Pg. 4 of Pg. 8

## IV/ H.V.A.C:

- Remove and replace Air return cover in living room.
- Remove and replace new condenser matching w/t existing.

## SAND REPLENNISHMENT:

- Fill in missing sand to previous level to grade.

## ROOF:   30'4"x36'2"x2     ( apprx: 21SQ)

- Remove & replace new felt and composition asphalt shingles 30 years
- Remove and reinstall 02 skylight.

## SIDING:        ( apprx: 742 Sq/f )

- Replace missing Vinyl siding & Fascia and Soffit vinyl at Front / Rear
  Right and Left of the house.

- Replace 3/8" fir ply wood and insulation missing underneath house.

## DECKING & STAIR:

- Decking frame to remain.
- Remove and replace 320 Sq/f of decking w/t treated wood.
- Remove and replace 60 Lf x 42" high railing.
- Rebuild outside stairs 36" width w/t treated wood.



EXHIBIT C
Pg. 5 of Pg. 8

All materials is guaranteed as specified and the work to be performed in
accordance with specifications submitted for above work and completed
In a substantial workmanlike manner.
Any alteration or deviation from the specifications involving extra cost will be
executed only upon written orders and will become an extra charge over and above
the estimate.

Total cost is in the amount of : $88.762.76
( EIGHTY EIGHT THOUSANT SEVEN HUNDRE SIXTY TWO & 76/00)

CONTRACTOR ✓                          OWNER ✓

PACIFIC CONSTRUCTION CO.    Xuan Hue Nguyen

(Signature)                           ( Signature)

(Print name and title)                (Print name and title)

MICHAEL NGUYEN           XUAN HUE NGUYEN   OWNER

Date:  Oct. /12/ 2011          Date:  10/12/2011

PAYMENT TO BE MADE AS FOLLOWS:

- 20%       Upon signing the contract.
- Payment will be drawn as job progresses.

✳ 20% Down payment Received  10/4/11. Mr.Nguyen

**EXHIBIT C**
Pg. 6 of Pg. 8

All materials is guaranteed as specified and the work to be performed in
accordance with specifications submitted for above work and completed
In a substantial workmanlike manner.
Any alteration or deviation from the specifications involving extra cost will be
executed only upon written orders and will become an extra charge over and above
the estimate.

Total cost is in the amount of : $88.762.76
( EIGHTY EIGHT THOUSANT SEVEN HUNDRE SIXTY TWO & 76/00)

CONTRACTOR ✓                      OWNER ✓

PACIFIC CONSTRACTIONCO. Xuanktnetnguyen

(Signature)                       ( Signature)

(Print name and title)            (Print name and title)

MICHAEL NGUYEN                     XUAN HUE NGUYEN   OWNER

Date:  Oct ./12/ 2011            Date:   10 / 12 /2011

PAYMENT TO BE MADE AS FOLLOWS:

- 20%      Upon signing the contract.
- Payment will be drawn as job progresses.

✱ 20% Down payment Received  10/4/11. uairajman

**EXHIBIT C**
Pg. 7 of Pg. 8

**CHASE O**

JPMorgan Chase Bank, N.A.
**Loss Drafts Department**
P.O. BOX: 100585
**Florence, SC- 29501**
(866) 920 8931

## CONDITIONAL WAIVER OF LIEN

Loan Number:  ___# 0014130413.___

Property Address:  ___11274  GARFIEL  WAY , GALVESTON .TX 77554.___
                                                    (Street Address)

_____ *Only the Zip Code is Optional*_____
                                                    (City, State and ZIP)

Conditional Upon Payment Of:_____*Must have written amount or numerical*_____Dollars

($ __88,762. 76__ ), the undersigned hereby agrees to release and/or waive any and
all claims of lien of labor and/or materials described as:

___See Adjuster's Report and___

___Sale Contract___

Used in the construction, erection and/or alteration of the building situated on the above
referenced property address.

And same being owned by:  ___XUAN HUE  NGUYEN___
                                                    (Customer's Name)

Signed this ___7th___ day of ___NOVEMBER___ , AD 20 __11__

___PACIFIC  CONSTRUCTION  CO.___
                        (Company's Name)

By: _____
        (Authorized signer of contracting company)

Title: ___Contractor___
            (Authorized signer's title)

_____
        (Notary Public)

My commission expires on (date): ___03/24/2012___

OP-LW                    *PLEASE COMPLETE ALL SECTIONS OF THIS FORM*

**EXHIBIT C**
Pg. 8 of Pg. 8

# Exhibit "D"

## Attachment #2: EMC Partial Release Check (1)

LD008/7VM


**EMC**™
*Mortgage Corporation*

November 18, 2009

Xuan Hue Nguyen
3419 Aspen Lake Dr
Manvel, TX 77578

RE:  Insurance Loss

Loan Number:  0014130413
Amount:        $9837.98

Dear Xuan Hue Nguyen :

Please find enclosed the check for the partial release for
your insurance claim.

If we can be of any further assistance, our Loss Drafts
Department can be reached between the hours of 9:00am to
8:00pm Eastern Time at 1-800-583-7915.

Sincerely,

Claims Customer Department

Enclosure



One Assurant Way  Springfield, Ohio 45505



EXHIBIT D
Pg. 1 of Pg. 2

## Attachment #2: EMC Partial Release Check (2)

Payee Name & Address:
"LONE STAR BLDRS GRP LLC"
"AND XUAN HUE NGUYEN"
"1021 61ST ST SUITE 300"
"GALVESTON, TX 77561"

**EMC** Mortgage Corporation

Batch: H1K

Check Number: 0000894386
Check Date: 11/18/2009
Payee Code: LD6914
Page: 1 Of 1

Disbursement Check Voucher

| LOAN NUMBER | SHORT NAME/ENTITY NAME/PROPERTY ADDRESS | DESCRIPTION | YEAR CODE DATE | AMOUNT DUE |
|---|---|---|---|---|
| 0014130413 | EN  NGUYEN  FIRST DRAW | | 304 | $ 9837.98 |

Check Totals: 9,837.98

SEE BACK FOR LISTING OF SECURITY FEATURES.   THE ORANGE 'EMC' BECOMES COLORLESS WHEN RUBBED BRISKLY.

EMC Mortgage Corporation
Disbursement Clearing
3415 Vision Drive
Columbus, OH 43219

**EMC** Mortgage Corporation

0000894386

32-61/1110

JPMorgan Chase Bank
Dallas, TX 75201

DATE 11/18/2009    PAY THIS AMOUNT $*********9,837.98
VOID AFTER 180 DAYS

PAY Nine Thousand Eight Hundred Thirty Seven And 98/100 Dollars

"LONE STAR BLDRS GRP LLC"
"AND XUAN HUE NGUYEN"
"1031 61ST ST SUITE 300"
"GALVESTON, TX 77561"



EXHIBIT D
Pg. 2 of Pg. 2

Page 5

# Exhibit "E"

# CHASE ⚪

JPMORGAN CHASE BANK NA
DISBURSEMENT CLEARING
H:R   AVH   D15421
0014130413

CHECK NO.
**0002681492**

MO/DAY/YR
**12/12/2011**

FOR PAYMENT OF RESTRICTED ESCROW

Twenty Thousand and 00/100 Dollars

AMOUNT
********$20,000.00

VOID IF NOT CASHED WITHIN 180 DAYS

**PAY TO
THE ORDER
OF**

HAI SY NGUYEN &
LAM NGUYEN &
XUAN NGUYEN

_John Dang_
AUTHORIZED SIGNATURE

⑊000268149⑊⑊ ⑊021309379⑊     7659125977⑊

THE ORIGINAL DOCUMENT HAS A TRUE WATERMARK IN THE PAPER.     HOLD TO LIGHT TO VIEW WHEN CHECKING THE ENDORSEMENT.

---

## Disbursement Check Voucher

PAYEE NAME
& ADDRESS

HAI SY NGUYEN &
LAM NGUYEN &
XUAN NGUYEN

CHECK NUMBER:   **0002681492**
CHECK DATE:   **12/12/2011**
PAYEE CODE:   **D15421**

BATCH: **H:R**           PAGE 1 OF 1

| LOAN NUMBER | SHORT NAME/<br>INIT NAME/<br>PROPERTY ADDRESS | DESCRIPTION | TRAN<br>CODE | DATE | AMOUNT<br>DUE |
|---|---|---|---|---|---|
| 0014130413 | XH   NGUYEN | FIRST DRAW | 304 | | 20,000.00 |

**EXHIBIT E**
Pg. 1 of Pg. 1

| Check Totals: | | | 1 Item | | $20,000.00 |

# Exhibit "F"


**CHASE**

JPMorgan Chase, N.A.
Loss Drafts Department
P. O. Box 100565
Florence, SC  29501
866-742-1461

February 15, 2012

XUAN HUE NGUYEN
3419 ASPEN LAKE DR
MANVEL TX 77578

Re: Home Mortgage Loan ******0413
    Tracking Number 3182663

**Please Provide Document(s)**

Dear Xuan Hue Nguyen:

Please provide us with the following checked documents to enable us to proceed with the
processing of your loss draft claim funds.

☐ Mortgagors Affidavit            ☐ Adjusters Report
☐ Contractors Lien Waiver         ☐ Contractors Estimate
☐ Internal Revenue Form W9        ☐ Paid Receipts
☒ Other
    90% inspection results are needed.

Please fax or mail these documents to:
        JPMorgan Chase, N.A.
        Loss Drafts Department
        P.O. Box 100565
        Florence, SC 29501
        Fax: 843-413-7886

Chase's goal is to provide the highest level of quality service. If you have further questions, please
contact our Loss Draft Department at 866-742-1461.

We appreciate your business and value our relationship with you.
Sincerely,

Tequilla Murphy
Loss Draft Department

OP-DN

EXHIBIT E
Pg. 1 of Pg. 1